IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROGRESSIVE NORTHWESTERN
INSURANCE COMPANY,

      Plaintiff,

v.

ANGIE VANGLIDER, GARY VANGLIDER,
and BRENDA S. HANDSHUMAKER,

      Defendants.

Case No. 15-2324-JAR-TJJ

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Progressive Northwestern Insurance Company's ("Progressive") Motion to Consolidate (Doc. 9) with *Handshumaker v. Vanglider*, Case No. 15-1128-MLB-GEB. Defendants have not responded to the motion and the time to do so has expired.[1] Under D. Kan. Rule 7.4(b),

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

The Court grants this motion as unopposed. Moreover, the Court finds that under the applicable standard, consolidation is appropriate. Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

---

[1] *See* D. Kan. R. 6.1(d)(1).

The decision whether to consolidate is left to the sound discretion of the trial court.[2]  "In exercising its discretion, the court should consider whether judicial efficiency is best served by consolidation."[3]  "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause."[4]  Courts also consider (1) whether the relief sought varies substantially between the two actions; (2) whether defendants are being sued in different capacities; and (3) what would be gained by consolidation and what injury would be suffered by failure to consolidate.[5]  The party requesting consolidation bears the burden of showing that the balance weighs in favor of consolidation.[6]

As set forth in Plaintiff's motion, these two lawsuits involve common questions of law and fact—they both arise out of an underlying Montgomery County, Kansas, tort action involving a motor vehicle accident, for which Handshumaker obtained a consent judgment against the Vangliders.  Progressive seeks to determine its rights and obligations under the motor vehicle policy at issue in this declaratory judgment action; Handshumaker seeks to collect the Montgomery County judgment from Progressive in the garnishment action before Judge Belot.  Consolidation of these actions will also promote judicial economy and avoid disparate or conflicting judicial rulings on the same or similar issues.

**IT IS THEREFORE ORDERED BY THE COURT** that Progressive Northwestern Insurance Company's ("Progressive") Motion to Consolidate (Doc. 9) is **granted**.  This case

---

[2] *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

[3] *McCoy v. Whirlpool Corp.*, No. 02-2064-KHV, 2003 WL 124531, at *2 (D. Kan. Jan. 12, 2003).

[4] *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008) (citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2383, at 35–36 (3d ed. 2008)).

[5] *Shump*, 574 F.3d at 1344; *Lane v. United States*, Nos. 90-4228-S, 90-4229-S, 1991 WL 105204, at *1 (D. Kan. May 28, 1991).

[6] *Sprint Commc'ns, LP v. Cox Commc'ns, Inc.*, No. 11-2683-JAR-KMH, 2012 WL 1825222, at *1 (D. Kan. May 18, 2012) (citation omitted).

shall be consolidated with *Handshumaker v. Vanglider*, Case No. 15-1128-MLB-GEB for all further proceedings, including trial.  This case shall serve as the designated lead case and the member case shall be 15-1128-MLB-GEB.  The member case shall be transferred to the undersigned and Magistrate Judge James.   These cases are consolidated for the remainder of both actions and this lead case (15-2324) will become the historical docket for all filing.  From the date of this Order, all future case filings will be made in the designated lead case only.

**IT IS SO ORDERED.**

Dated: <u>August 28, 2015</u>

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE